# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBERSON,<br><br>      Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>      Defendants. | Case No. 1:22-cv-00833-JLT-SAB (PC)<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE<br><br>Hearing:  **Settlement Conference**<br>Date:      **June 1, 2023**<br>Time:     **9:30 a.m.**<br>Judge:    **Barbara A. McAuliffe**<br>Location: via Zoom Videoconference |

Plaintiff Morris Roberson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action proceeds on Plaintiff's excessive force claim against Defendants Chavez, Salazer, Kyt, Lirio and Furlong, and failure to intervene claim against Defendants Valero, Rodriguez, Charles, Furlong, Acebedo, Lirio, Hunter Loza, and Gonzalez.

Because it takes years to get to trial, the Court has identified this case as an appropriate case for post-screening ADR (Alternative Dispute Resolution), which is an effort to resolve such cases more expeditiously and less expensively.  No claims, defenses, or objections shall be waived by the parties' participation.  In appropriate cases, defense counsel from the California State Attorney General's Office has agreed to participate in these early settlements.

///

1

As set forth in the Court's screening order, the complaint states a cognizable claim. However, stating cognizable claims does not mean Plaintiff will prevail at trial. Thus, the Court stays this action to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

Therefore, this case will be referred to Magistrate Judge Barbara A. McAuliffe to conduct a **video settlement conference, via the Zoom videoconferencing application**, on June 1, 2023, at 9:30 a.m. The Court will issue any necessary transportation order in due course.

Counsel for Defendant shall contact Courtroom Deputy Esther Valdez at (559) 499-5788 or evaldez@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. Counsel for Defendant is also required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the necessary Zoom contact information.

In issuing this order, there is a presumption that this case will proceed to a settlement conference.[1] However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with others, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this early settlement conference. A written notice to opt out must be filed within **thirty (30) days** of the date of the issuance of this order.

The parties shall each submit to Judge McAuliffe a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

If Defendant do not elect to opt out of the settlement conference, Defendant shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable

---

[1] If the case does not settle, the Court will then issue the Discovery and Scheduling Order.

2

1  compromise to settle the case.  <u>The parties are also informed that an offer of dismissal in
2  exchange for a waiver of costs is not considered good faith settlement negotiations</u>.

3  In accordance with the above, IT IS HEREBY ORDERED that:

4  1. This action is STAYED to allow the parties an opportunity to settle their dispute before
5     the discovery process begins.  Except as provided herein or by subsequent court order, no
6     other pleadings or other documents may be filed in this case during the stay of this action.
7     The parties shall not engage in formal discovery, but may engage in informal discovery
8     to prepare for the settlement conference.

9  2. This case is set for a **video** settlement conference, **via the Zoom videoconferencing**
10    **application**, before Magistrate Judge Barbara A. McAuliffe on **June 1, 2023 at 9:30**
11    **a.m.**

12 3. A representative with full and unlimited authority to negotiate and enter into a binding
13    settlement shall attend **via the Zoom videoconferencing application**.[2]

14 4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The
15    failure or refusal of any counsel, party or authorized person subject to this order to appear
16    in person may result in the cancellation of the conference and the imposition of sanctions.
17    The manner and timing of Plaintiff's transportation to and from the conference is within
18    the discretion of CDCR.

19 5. Defendant shall provide a confidential settlement statement to the following email
20    address: **bamorders@caed.uscourts.gov**.  Plaintiff shall mail his confidential settlement
21    statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721,
22    **"Attention: Magistrate Judge Barbara A. McAuliffe."**  The envelope shall be marked
23    "Confidential Settlement Statement."  Settlement statements shall arrive no later than
24    **May 25, 2023**.  Parties shall also file a <u>Notice of Submission of Confidential Settlement</u>
25    <u>Statement</u> (See Local Rule 270(d)).  Settlement statements **should not be filed** with the
26    Clerk of the Court **nor served on any other party**.  Settlement statements shall be

---

[2] In light of the coronavirus (COVID-19) outbreak and the evolving coronavirus protocols, the Court may issue an order at a later date requiring the parties to appear in person.

clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

8. If defense counsel wishes to "opt-out" of this settlement for the reasons stated above, counsel must do so within **thirty (30) days** of this order by filing a "Notice of Opt-Out and Request to Vacate Settlement Conference."

9. **<u>If defense counsel does not wish to opt-out, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed to determine whether the institution can accommodate a Zoom video appearance by Plaintiff at this date and time</u>**.

10. The parties remain obligated to keep the Court informed of their current address at all

4

times during the stay and while the action is pending.  Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address."  See Local Rule 182(f).

11. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated:  **February 21, 2023**

UNITED STATES MAGISTRATE JUDGE