UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS ROBERSON,<br><br>             Plaintiff,<br><br>       v.<br><br>CDCR, et al.,<br><br>             Defendants. | No.  1:22-cv-00833-JLT-SAB (PC)<br><br>ORDER SET CASE FOR SECOND SETTLEMENT CONFERENCE AND STAYING CASE<br><br>Hearing: **Settlement Conference**<br>Date: **April 11, 2024**<br>Time: **9:30 a.m.**<br>Judge: **Barbara A. McAuliffe**<br>Location: via Zoom Videoconference |

Plaintiff Morris Roberson is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court has determined that this case will benefit from a second settlement conference. Therefore, this case will be referred to Magistrate Judge Barbara A. McAuliffe to conduct a **video settlement conference, via the Zoom videoconferencing application**, on **April 11, 2024, at 9:30 a.m.**

Counsel for Defendants shall contact Courtroom Deputy Esther Valdez at (559) 499-5788 or evaldez@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties.  Counsel for Defendants is also required to arrange for Plaintiff's participation by contacting the Litigation Coordinator at the institution where Plaintiff is housed and providing the necessary Zoom contact information.

The parties shall each submit to Judge McAuliffe a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

///

1

1    The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution
2 obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what
3 the restitution obligation is, but what the value of the case itself is to each side, irrespective of any
4 outstanding restitution obligation. <u>The parties are informed that an offer of dismissal in exchange
5 for a waiver of costs is not considered good faith settlement negotiations</u>.

6    In accordance with the above, IT IS HEREBY ORDERED that:

7  1. This action is STAYED to allow the parties an opportunity to participate in a second
8     settlement conference. Except as provided herein or by subsequent court order, no
9     other pleadings or other documents may be filed in this case during the stay of this
10    action. The parties shall not engage in formal discovery, but may engage in informal
11    discovery to prepare for the settlement conference.

12 2. This case is set for a **<u>video</u>** settlement conference, **via the Zoom videoconferencing**
13    **application**, before Magistrate Judge Barbara A. McAuliffe on **April 11, 2024 at 9:30**
14    **a.m.**

15 3. A representative with full and unlimited authority to negotiate and enter into a binding
16    settlement shall attend **via the Zoom videoconferencing application**.

17 4. Those in attendance must be prepared to discuss the claims, defenses and damages.
18    The failure or refusal of any counsel, party or authorized person subject to this order
19    to appear in person may result in the cancellation of the conference and the imposition
20    of sanctions. The manner and timing of Plaintiff's transportation to and from the
21    conference is within the discretion of CDCR.

22 5. Defendants shall provide a confidential settlement statement to the following email
23    address: **bamorders@caed.uscourts.gov**. Plaintiff shall mail his confidential
24    settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California
25    93721, **"Attention: Magistrate Judge Barbara A. McAuliffe."** The envelope shall
26    be marked "Confidential Settlement Statement." Settlement statements shall arrive
27    no later than **April 4, 2024**. Parties shall also file a <u>Notice of Submission of</u>
28    <u>Confidential Settlement Statement</u> (See Local Rule 270(d)). Settlement statements

**should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:
    a. A brief statement of the facts of the case.
    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.
    f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>
7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.
8. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." <u>See</u> Local Rule 182(f).

///

///

9. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated: __January 25, 2024__                               _____
                                                                                       UNITED STATES MAGISTRATE JUDGE

4